**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dalton-Ross Homes, Inc., | No. CV-06-1301-PCT-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Daryl J. Williams, et al., | |
| Defendants. | |

The court has before it defendants' motions for attorney's fees and non-taxable costs (docs. 103, 105) and supplemental motion for attorney's fees (doc. 116), plaintiff's responses (docs. 111, 119), and defendants' replies (docs. 114, 121).

Defendants seek attorney's fees pursuant to section 505 of the Copyright Act, 17 U.S.C. § 505, and pursuant to the terms of the parties' 2003 license agreement. A court has wide discretion to allow the recovery of full costs, including attorney's fees, to any party in an action brought under the Copyright Act, 17 U.S.C. § 505. In exercising this discretion, courts generally consider factors such as the non-prevailing party's "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19, 114 S. Ct. 1023, 1033 n.19 (1994) (citation omitted). The "imposition of a fee award against a copyright holder

with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 122 (2d Cir. 2001).

Here, equitable factors weigh in favor of a denial of fees. Plaintiff's copyright infringement claim was neither frivolous nor devoid of a legal or factual basis. There is no credible suggestion that it was motivated by spite or ill will, made in bad faith, or otherwise meant to vex or harass. Indeed, we noted in our order granting defendants' motion for summary judgment that the central issue–whether a separate registration of a derivative work is a prerequisite to an action for infringement of that work–is a question of first impression in this circuit (doc. 101 at 4). Plaintiff's position on this issue was not objectively unreasonable. Therefore, we deny defendants' motion for attorneys' fees under 17 U.S.C. § 505.

Defendants also seek fees pursuant to an attorney's fee provision in the parties' 2003 license agreement, notwithstanding our conclusion that plaintiff's state law breach of contract claim was preempted. Our order granting summary judgment to defendants was premised entirely upon the federal Copyright Act, which itself provides for attorney's fees. We reject defendants' suggestion that our discretion to award fees pursuant to the Act is negated by virtue of a fee provision in a contract that was irrelevant to the outcome of this case.

**IT IS ORDERED DENYING** defendants' motions for attorney's fees (docs. 103, 105) and **DENYING** defendants' supplemental motion for attorney's fees (doc. 116).

DATED this 5th day of February, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -